THE FLEISHMAN LAW FIRM
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar # 251657
21243 Ventura Blvd., Suite 141
Woodland Hills, CA 91364
telephone (818)805-3161
fax (818)805-3163
erisa@erisarights.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ALVES                                  )  NO.
                                               )
         Plaintiff,                            )  COMPLAINT FOR BENEFITS
                                               )  UNDER AN EMPLOYEE BENEFIT
    vs.                                        )  PLAN
                                               )
THE HEWLETT PACKARD ENTERPRISE                 )
COMPREHENSIVE WELFARE BENEFITS PLAN)
an ERISA plan; HEWLETT PACKARD                 )
PACKARD ENTERPRISE COMPANY, a                  )
corporation; DOES 1 through 10,                )
         Defendants.                           )
                                               )

    COMES NOW THE PLAINTIFF, MICHAEL ALVES, and for cause of action against all defendants, alleges as follows:

    1. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

    2. Plaintiff is informed and believes, and based upon such information and belief alleges, that THE HEWLETT PACKARD ENTERPRISE COMPREHENSIVE WELFARE BENEFITS PLAN (hereinafter "Plan") is an ERISA disability plan formed by HEWLETT PACKARD ENTERPRISE COMPANY (HP) providing long and short term disability benefits from which the plaintiff is entitled to benefits. At all times herein mentioned, plaintiff was entitled to short and long term disability benefits, health care benefits, life insurance

1

benefits and other benefits under one or more HP ERISA plans. Said benefits were to be given to the plaintiff should he become totally disabled.

3. Plaintiff is informed and believes, and based upon such information and belief alleges, that defendant HP is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the sponsor of the Plan.

4. Plaintiff is and was at all times herein mentioned, a resident of the County of Los Angeles, State of California.

5. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names. Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

6. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

7. Plaintiff was employed by HP until he became disabled on or about January 15, 2016. As an employee of HP, he was eligible for the protection of the Plan. When he became disabled, he became eligible for the long term and short term disability benefits of the Plan and to other benefits. Defendants have arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

8. On June 13, 2016, the plaintiff was notified of the decision of the defendants to deny short term disability benefits. Plaintiff appealed the denial of benefits on June 14, 2016, telling the defendants that he had "additional medical information to submit." On July 25, 2016, defendants notified plaintiff of their decision to deny long term disability benefits. On July 29, 2016, defendants wrote

laintiff that an additional 45 days was needed to decide his appeal of short term benefits. On August 9, 2016, plaintiff appealed the denial of his long term benefits. On August 18, 2016, Sonia from Sedgwick, the claims administrator of the Plan, contacted plaintiff's attorney and asked if he represented plaintiff with regard to the short term disability claim and was answered affirmatively.

9. On August 8, 2016, defendants affirmed their decision to terminate short term benefits without receiving the additional medical information that plaintiff had told them was forthcoming. On August 25, 2016 defendants affirmed their decision to deny long term benefits based on the sole grounds that plaintiff had been denied short term benefits. Plaintiff was offered 180 days to appeal the decision. August 31, 2016, without waiting 180 days, defendants made a "final decision" to deny long term benefits on the sole grounds that he was not entitled to short term benefits. Plaintiff is left with no choice but to file this law suit at the present time.

10. On November 4, 2016, plaintiff sent defendants the "additional medical information" that he had told them about when he appealed the denial of short term benefits. Defendants have refused to consider the additional medical information supplied by plaintiff.

11. Defendants have abused their discretion and have failed to provide plaintiff with full and fair reviews when affirming their decisions to deny benefits. Plaintiff has been denied the benefits which are due him under the Plans and has suffered and is continuing to suffer economic loss as a result thereof from June 2016. Plaintiff is entitled to an award of interest on all money that should have been paid to him.

12. Plaintiff has been required to hire attorneys to represent him in this matter and to recover benefits due him under the Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and he seeks leave to amend this complaint when the same has been ascertained or at the time of trial

according to proof.

13. A controversy now exists between the parties as the whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that he meets the Plans' definition of disability and is entitled to continued LTD benefits from defendants. Plaintiff further seeks a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his disability benefits were terminated.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. For all benefits due him in the past and future under the plan plus interest;

2. For a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

3. For reasonable attorney fees;

4. For costs of suit; and

5. For such other and further relief as this court may deem just and proper.

DATED:   December 7, 2016

/s/*Charles J. Fleishman*
CHARLES J. FLEISHMAN
Attorney for plaintiff

*Charles J. Fleishman*

4